And we'll begin with our first case of the day, which is agenda number nine, number 129753, People of the State of Illinois v. Harris, counsel for appellant, you may begin. May it please the court, good morning, I am Samuel Steinberg and I represent Kajonza Harris. Chief Justice, thank you for opening remarks about how cases impact real lives. The main question in this case is whether, at the leap to file a successive post-eviction petition, is whether Mr. Harris provided a colorful showing of actual innocence based on new evidence. That is, new evidence that could not have been discovered prior to trial with the exercise of due diligence. This court should answer this question in the affirmative because Wytham Collins was an unknown witness who did not come forward due to fear. Ultimately, this court should reverse the appellate court's decision and remand this case for second stage proceedings because at the leap to file stage, Mr. Harris fulfilled all three elements of the actual innocence test. Let's start with new. New evidence is evidence discovered after trial that could not have been discovered before trial with due diligence. Here, the trial occurred in 2012. This affidavit is January 3rd, 2020, after post-conviction proceedings were dismissed. In the affidavit, Wytham Collins said he saw Saki, not Harris, commit the shooting and he did not come forward due to fear. And he had just found out that Harris was innocent, and that's why he did this affidavit. During this time, when the affidavit was filled out, the appeals on the prior post-conviction proceedings were pending. And that's what happened. In both the supporting documents and Harris' motion for leap to file, he mentioned the actual innocence test, as mentioned by Edwards, and he directed the court to the affidavit. No positive record evidence refutes the fact that counsel could not uncover Collins before trial. In fact, the evidence tends to point the other way. Counsel, what kind of due diligence was exercised to try to locate this witness during the time of trial or at the time when the evidence could have been brought forward? Justice Cunningham, we have record evidence in this case of counsel trying to interview Tamara Smith, and she expressly refused to cooperate. Counsel, do you have an obligation to demonstrate due diligence in this instance? Yes, we have, and we accept that burden, and that burden is accepted when both the motion and the supporting documents. Edwards directs this court to look at not only just the exact pleadings, the pro se pleadings, which we recognize can be inexact, but also the documents. And according to this court's language, this court has used the word prompting. All a pro se petitioner has to do is just prompt the court for attention of the basis for their claim. So does that require us to look at whether or not it was possible for your client to become aware of these individuals who are now coming forward, given where these individuals allegedly were at the time of the crime, you know, behind the vehicle, on the scene? It examines whether what's known to the parties at the time of the trial, whether there's some kind of record evidence, whether a, say, for example, I know you were the author of Flournay, where there was actually a police report that expressly mentions the burial witness, or the witness testified at trial, and Rick testified at trial in that case. In this case, we have an unknown witness who did not talk to police. Police did not notify the court of this. The Cook County State's Attorney's Office, there's no record evidence of them bringing this witness attention. In fact, there was a little boy next to the vehicle that was shot, and he did not testify at trial. So when you look at it, this is cases similar to Ortiz, Anderson, Griffin. I could clasp. And generally, even in the case of a known witness, it becomes unavailable. But here we have an unknown witness. Your counsel, is the affidavit, and this is kind of what I asked before, is the affidavit standing by itself sufficient to show that there was some exercise of due diligence to find out not only whether this witness was there, available, or whatever, but whether there was any other witness or anything that was done at the time to locate anybody who may have been able to shed some light on this? Is the affidavit alone, standing alone, is that enough? Yes, especially at the lead to file stage, which is a fairly, which compared to the second state proceedings is a lower standard. It might be a little bit higher than the first. I know there's some debate whether it's low or high or just right. But when you look at it, according to cases, I think I have a direct quote from class that says newly discovered evidence includes testimony from a witness who essentially made himself unavailable due to fear of retaliation or harm. And that's quoted in cases such as class, Ayala, stems from Ortiz. When you say made himself available with this particular witness, other than saying that she was fearful, how did she make herself unavailable? This is Collins. Collins did not talk to police. He was not mentioned by any witness. Simply put, when you're faced with a, let's look at the facts here. 2009, the shooting occurred. Traffic shooting in Horner Park, May 2009. It wasn't until February 2011 that my client gets arrested. During that time, the investigation was mostly cold and it only broke open because of supposedly an anonymous tip that led to Deborah Hardy testifying. By the time, by the time trial counsel got this case, he's reliant on the Cook County State's Attorney's Office to provide information. The Chicago Police Force, which has its numerous investigative wings, to provide some hint that this is another witness. And this is the state, the government, throughout the trial has access to the witness. To the witness. Even Smith said she had spoken to prosecutors a week before the trial. When you're a defense counsel, you really, the only two you have is Smith, who refuses to talk to you, and then Deborah Hardy. And Deborah Hardy, before trial, she was not a reliable witness. Because she was already in charge of drug offenses. Her background includes 1984. Remind me, is there any affidavit from the defendant that he was unaware that there were other witnesses that hadn't been talked to? I don't recall that. No, there wasn't. No, there's not. Wouldn't that help to show some level of due diligence that, you know, at the time when this occurred, since there were other people around that, or may have been other people around if the defendant had given an affidavit saying his counsel or some investigative action took place to make sure that they rounded up all possible witnesses or something. Other than just the affidavit of Collins. There was no affidavit from my clients, knowing the full extent of his counsel's investigation before trial. But counsel did do a thorough job of trying to interview Smith, investigate Hardy's background, which not only included her criminal background, the murder conviction, drug felony convictions, but her extensive mental health history, which includes, you know, schizophrenia, history of delusions. She was addicted to heroin at the time. She was drinking a beer in the park at the time. I wish I could not really lay on all those negative facts, but she's not the most reliable witness. Does that go to whether or not, based on her changing her position in this matter, does it make it more likely than not that no reasonable juror would have convicted your client in light of her change of heart? That goes to the second and third steps of the issue. And here, I think almost regardless, yes, it does, her change of testimony. But even regardless, the state's case, if you look at material and conclusiveness, was pretty good. The state conceded that in the appellate court. Counsel, I have a question going back to the due diligence. Is it of any consequence that, in fact, the police didn't find Hardy, even that Hardy was sort of turned over to them by her mother? Yes. And it was more than two weeks after the murder? I mean, is it reasonable that they didn't find her and there might have been other witnesses that had left the scene that no one knew about? Yes. The police are the first arrivers. They noticed that people fled. Detective Roberts testifies that people had fled the scene. It's obviously a drive-by shooting in a Chicago park where people want to get out of there, but they didn't even locate any witnesses here. I recognize that there seems to be a disputed question of fact about how much counsel could have done. And at this stage, at the motion for leave to file stage, we have to accept the affidavit as true. And those disputed questions of fact, unless there's positive record evidence. And by that, I mean, like, evidence that you can, like, copy and paste, like, almost there. For example, if this was, like, a plea hearing and there was a dispute whether admonishments regarding immigration admonishments were given, the court would be able to copy and paste that as clear evidence. Here, there's no proof that, yes, there's no proof that this is a clear-cut question of fact at this stage, that due diligence could have uncovered a college. It would have been a miracle under these circumstances. Addressing the materiality, I want to get back to your question about materiality and conclusiveness. In the appellate court, the state never contested materiality. In fact, in this court, the state has chosen to, despite notice, has chosen not to contest materiality and conclusiveness. I briefed that both in the appellate court and here. This court, as in Robinson, Griffin, many cases, it's de novo review. It would be inefficient at this point to send the case for further remand. Mr. Harris wants this case going through post-conviction proceedings. He wants his claim of actual innocence question heard on the merits. It's tried. And the state's evidence in this case is, again, thin. It relies on Tamara Smith, who only saw the shooter for about 10 seconds. We know that misidentification is the leading cause of wrongful convictions. No one wants to see it. And on top of that, she didn't even see below the shooter's eyes. On page 284 of the record, during cross-examination, she testified the shooter's wearing a scarf, and she couldn't see below his eyes. And we're hoping that that's this. That's the best. And the other one is Deborah Harding, which I've already discussed her baggage as well. Additionally, the state provided no forensic evidence connecting Harris to the crime. There was no gun found. There was no car found, despite a description of the car. There was no motive produced. This is a thin case that disturbs close scrutiny during post-conviction proceedings. I'm actually proud to stand up before a government class today and say that this is the reason why we have actual innocence claims. This is why it's different than just normal trial error. This is a client, a defendant, who's spending his life in prison, and he has evidence. He's brought forward evidence of actual innocence from Collins. There's a verge he has stacked to commit the shooting. It deserves to be tested and heard on the merits. At this point, we're at the lead-the-file stage. And it's why this claim, it's why actual innocence claims are generally an exception to the cause and prejudice test and any collateral bars. It's to prevent a fundamental hysterical justice. Counsel, where did you allege that Collins' testimony was not discoverable before trial? Where is that alleged? In the briefs? I'm talking about in the petition. In the petition, he refers to- Is that required? It's not. No, it's a prompting, according to Edwards. In cases such as Pronte, they use the word prompt. For example, a motion for relief to file is not even required. I think in Edwards, that was an alibi case, and the defendant in that case didn't even file a motion for relief to file. But yet, the court was in the position, because this is de novo review, we know the elements of the actual innocence test, just like we know the elements of Strickland. And this court is in a position to evaluate those pro se claims by looking at both the motion for relief to file and the supporting documents. And that's what the case law says. And when this court examines both the motion for relief to file, the supporting documents, Collins' affidavit, at this fleeting stage of post-conviction routines, he's made a colorful showing of actual innocence. And I ask that you reverse the appellate court's decision and remand this case for second stage proceedings. Thank you very much, counsel. Thank you. Counsel for the appellee. May it please the court. Counsel, I'm Assistant Attorney General Erin O'Connell on behalf of the people. The question in this case is whether there was a well-pleaded allegation in the motion for relief to file or the successive petition that would support a colorful showing that Wynton Collins was not discoverable with the exercise of due diligence before trial. I think my opponent has struggled a bit to cite anything in this record that qualifies as a well-pleaded allegation that that was the case. It's a little bit unusual here in that petitioner essentially just offered the court Collins' affidavit and said, I have this to offer you. And Collins' affidavit can discuss what he observed and who he talked to, but it can't say anything at all about what petitioner and his counsel did, because Collins doesn't have any information about that. There is some burden that falls on the petitioner. And I think I heard my opposing counsel concede that there is some burden on him at this stage to show due diligence. And the record is just totally devoid of any allegation that that was carried out here. But doesn't Edward say that based on Collins' affidavit that it really is something that the claim of actual indigence and not discoverable with due diligence puts you on notice, puts the state on notice that that's the claim that's being made? And at this stage, that's all that's required? I disagree that all that's required is to put the state on notice. And the state actually doesn't even participate at this stage of the proceedings. So the question at this stage is solely one for the circuit court in reviewing the court. Excuse me, I think I spoke to the court on notice. So the court was on notice that he was trying to raise a claim of actual innocence, definitely, and he cited cases. But he has to show through well-tweeted allegations that he satisfies all the elements of that claim. And Edwards actually found that the petitioner there had not supported with well-tweeted allegations that some of his own witnesses were newly discovered. So it's the failure to plead an essential element of his claim. There's no notice pleading here. We have a successive post-conviction petition, which is disfavored in Illinois. There is a heavy burden placed on a petitioner seeking to file such a successive petition, as this court has emphasized repeatedly. Taliani was a recent case. Let me just for a minute kind of recap where we are. Here, Mr. Harris was convicted in 2012 of murder. And now here we are in 2021. He files a petition asking the court to set aside that conviction because he was actually innocent, based on an affidavit pleading from someone saying he was at the scene and Mr. Harris was not the person who committed the murder, basically. And this is the very beginning of this process, of course. This is not, like, the ultimate question of whether he was actually innocent. The question is here, was that enough to start the process to have the case go forward, right? And so we know that in that petition, it's up to the petitioner, Mr. Harris, to plead facts that this new information or this information in the affidavit is material, conclusive, and new. So that's kind of what we're talking about now, correct? Is this new? Could this have been discovered earlier? That's kind of the context. So we've had a lot of discussion about what the affidavit says and what the affidavit doesn't say. It doesn't say anything about what actions Mr. Harris took through those nine years to find this witness. If he had said in one sentence, for these nine years I've been incarcerated and I don't have a lawyer and I was unable to conduct an investigation, would that have been sufficient? He has to make a showing that the witness was not discoverable at the time of trial. So there has to be some showing that his counsel could not have, through due diligence, before trial, have located this witness. And that's why the facts in this particular case are so important, because this was a witness where he wasn't just present at the scene, but he was so central to the action and noticeably positioned that it's fair to assume that he would have been seen by anyone there, that this witness would have been discoverable. So under circumstances where we have a witness like this, he has to make some showing that his trial counsel couldn't have discovered it. And I would go back to this court's recent decision in Floor 9, because the court distinguished there between what a claim of actual innocence is and what a claim of trial error is. And a claim of actual innocence is supposed to be based on evidence that nobody knew about and nobody could have discovered at the time of trial. It's not a claim that trial counsel was ineffective because he didn't find a clearly findable witness or the state didn't disclose that there was a witness at the scene. And a successive post-conviction petitioner has to channel his claim into the correct channel, and making a claim of actual innocence has to make some minimal showing that it falls within that category of this was a witness that was not discoverable at the time of trial. So the fact that he was incarcerated after trial wouldn't answer that fundamental question of whether this witness was discoverable to him and his defense team at the time of trial. But wouldn't going back to whether or not somebody should have seen him or, you know, if he was that close, doesn't that require some kind of a factual determination? I mean, that's really not appropriate at this stage. I mean, in fairness, we're all sort of speculating about this because there is no information in the record about this witness or who saw him. It's just completely devoid of information. But the problem is that the petitioner bears the burden on this element, and he hasn't made even the most straightforward allegation that this witness was not discoverable. So I would actually dispute that the record is clear that the police didn't know about this witness. We don't have all the police reports in the record. We don't know the full extent of the investigation. We just don't know whether the witnesses saw this person. But it is petitioner's burden at the leave-to-file stage when he presents the circuit court with his motion and his petition and his affidavits to make the showing that this witness was newly discovered within the meaning of an actual innocence claim, as this court set forth in Flournoy. And this petitioner just made no allegation whatsoever. So there's nothing to support his side. And it's really when we're looking at the petition, it's only well-cluded allegations that are taken as true unless rebutted by the record. The state doesn't or the court doesn't need to find things that would rebut an inference of something that hasn't even been alleged. So here we just don't have the information. He hasn't prompted the court with enough information to make the inquiry as to whether he can ultimately meet his burden that this witness was newly discovered because he hasn't even made the barest allegation that that's the case. Counsel, I understand you're saying there hasn't even been a bare allegation. But are you – do you think the defendant needs to allege all investigatory measures taken before trial to show due diligence? No. So this case I think is clear-cut because there is no allegation. I think that there would be some question as to the exhaustiveness of a presentation of diligence in another case. But we don't maintain that he has to know every step that his trial counsel took and allege that in the motion. But he needs to make some effort to meet his burden on this element. It is his burden, as he's admitted here today, to show diligence. And we don't – as the appellate court said, there's a diligence requirement and there's nothing whatsoever here to show that any diligence was exercised. And so that is why Petitioner's claim fails. But as to what would be sufficient in another case, it doesn't have to be quite that exhaustive. Counsel, tell me what Mr. Harris would have to do in order to demonstrate that he had exercised diligence. What's missing? So he would have to make some allegation that this – even just the allegation that this witness was not discoverable by counsel before trial. And we have also set forth that in this particular case, we actually have a further span of many years between the end of his trial and the time of his affidavit where he was pursuing post-conviction petition. And he had an investigator at that time who was looking for witnesses to support a claim of innocence. Under those circumstances where he did have that extensive litigation before, he should also have made an allegation that this witness was not discoverable at the time of that initial post-conviction petition when he had the investigator who was doing these interviews. And that investigator did actually interview Hardy who would have seen this witness. So it's – Is hiring an investigator evidence of some diligence in trying to determine whether or not there is a witness that could support his claim that he's innocent? I would agree that he was diligent in having an investigator at the time of the initial PC. But I think he has to draw some sort of connection between he had the investigator and this witness would not have been discoverable by the investigator. And the timing is such – so we don't – one of the fundamental problems here is we don't know when these conversations occurred between Collins and Petitioner. We know generally that they met in prison. It was sometime around 2020 that he signed the affidavit. But Collins' affidavit is very vague about when they met, when they started discussing this case, when Petitioner came to know that he was a witness and could provide information. And he should make some showing, at least in terms of dates about when this was taking place. It was so close in time to his initial PC that it does raise a question on these facts as to whether this witness was discoverable at the time of that initial post-conviction proceeding or even potentially was actually known to Petitioner and his counsel at that time. Counsel, I'm struggling with – we know that in Edwards the elements of an actual innocence claim. One of those elements is that the material must be newly discovered. Does the due diligence prong go to newly discovered? Because I don't see anything in Edwards that talks about or that has as an element this due diligence part. It talks about newly discovered material and not merely cumulative. So when you talk about the lack of due diligence, does that speak to whether it's truly newly discovered? So I think there is a place in the Edwards decision where it does use the language that due diligence attaches to the newly discovered requirement. So that would be the source of this. But the way that the test is framed, it's a witness who was not discoverable before trial in the exercise of due diligence. So the element itself does include the words due diligence and it incorporates that language. But Edwards more specifically I think makes clear that there needs to be – so in Edwards the issue was that there were alibi witnesses who were not called at trial. And there was no explanation as to why counsel didn't just issue a subpoena at the time. So Edwards said we can't find these witnesses newly discovered because you haven't shown that you exercised diligence in attempting to subpoena these witnesses at the time of trial. So that was what rendered them not newly discovered for purposes of Edwards. So that is where the due diligence requirement comes into it is with respect to the newly discovered element. And this court has not yet addressed whether the due diligence requirement extends beyond whether it was discoverable at the time of trial to the PC. But that's something that the appellate court has sort of split on whether there also is continuing duty of due diligence and one that would attach at the time of the initial post-conviction petition so that there has to be some showing of due diligence as well that it was not discoverable at the time of the initial petition. Which is consistent with this court's well-recognized bar on successive petitions and its admonition that petitioners shouldn't engage in piecemeal litigation. It sort of follows from those principles. But this case doesn't necessarily present the court with that question because he so clearly fails on whether it was discoverable in the exercise of due diligence before trial. He fails to meet that aspect of the test. So that additional question isn't necessarily presented on the facts here. So just in conclusion, this court should look at the documents that were before the circuit court at the time it was reviewing the petition for leave to file and consider whether those documents and not all the briefing that has occurred subsequently contains a well-pleaded allegation that this witness was not discoverable in the exercise of due diligence. The circuit court correctly concluded that there was no essential allegation on the newly discovered element and therefore this court should affirm its denial of leave to file a petition. Thank you. Thank you very much counsel. Reply from the appellate. May it please the court. The state is incorrect that the trial court was not on notice of the elements of the due diligence report, of the elements of the actual innocence of new evidence. In his petition, in the motion for leave, Harris expressly invoked the actual innocence test. He did say that that and the proportion of penalties caused could not be raised before the trial. And then he cites the Edwards. And then he uses the words newly discovered evidence. Newly discovered evidence. And as we know from Flournoy and this court's longtime definition of new evidence is new evidence is evidence that could not have been discovered prior to trial with the exercise of due diligence. I never heard the state dispute the fact that it's well established case law under Ortiz, Griffin, Anderson, Klass, Ayala, I can quote many of the cases in my brief of an unknown witness who did not come forward due to fear is generally considered newly discovered evidence, especially at the lead to file stage, because no amount of due diligence could have uncovered. It would have been a mirror and cases mentioned it would have been chance luck that counsel could have uncovered that. But the state wants to engage in a factual dispute about this and have it. It could provide record evidence. It could supplement the record. Or it could have an entry hearing or have or submits a report worth. And interestingly enough, the state never addresses the materiality and inclusive evidence prox here. And that's kind of troubling, especially when we consider the facts. And I've mentioned that this is a thin case. We have a witness who didn't see below the face. It was a cold case for over a year and a half. And we have Deborah Harvey, who has her mental issues, who's now says she was protecting her nephew as a shooter, recorded in a recording that was never considered. Mr. Harris has made various efforts to try to get evidence considered on the merits. Counsel mentioned prior post-conviction proceedings during that time. So are you saying that it's enough to reference newly discovered evidence that you don't have to specifically use the magic words that the state is seeming to require here in terms of due diligence? It's enough. And we have a notarized affidavit subject to perjury. Collins is subject to perjury. At the leap to file stage, this court has mentioned in cases such as Robinson and others, which is a similar case, that- Counsel, so are you saying you're not required to allege that you engaged in due diligence to find it? Or are you saying that he did make that allegation? We're not required to allege that we exercised due diligence because that would require an affidavit from his trial counsel. And generally, this court has not required an affidavit from trial counsel. As I pointed out, I can't remember the case off the top of my head in my brief because of the inherent difficulties. Obviously, an affidavit from trial counsel would raise questions of ineffective assistance of counsel, which a lawyer would not want to engage in. There's no requirement- I never heard- there's no requirement that a defendant show the exercise of due diligence. Or allege it. You have to allege new- no. You just have to allege the definition of new evidence, which is evidence that cannot be discovered through trial with the exercise of due diligence. And that's generally shown, and the state kind of misinterprets my argument initially. And generally, that's shown by an unknown witness who did not come forward due to fear of retaliation. I'm sorry I sound like a broken record. But with that, obviously, while the state mentions principles of finalities, the actual innocence is an exception to that. Because no one would recognize that the Illinois Due Process Clause, that no one wants a person to sit in jail for the rest of their life when there's evidence of actual innocence that hasn't been tested through that evidentiary post-conviction process. That I would be troubled if someone, when we have a sworn affidavit, that we don't test the credibility of Mr. Collins, and test the credibility of the actual innocence claims. That's what the post-conviction process is for. That's why we allow successive petitions. Because we recognize that the needs of actual innocence, the interest of justice, supersedes those of collateral bars. That's why we don't have a cause requirement. And in this case, Mr. Harris has again provided his motion, which states new evidence, refers to it on file 16 and numerous pages tabbed, has fulfilled that with the affidavit. And because he's fulfilled all three elements of that, of the actual innocence test, at this minimum, leave the file stage, ask that you reverse the appellate court's decision and order remand directly to the circuit court for a second stage proceeding so that he can pursue his claim of actual innocence and hopefully reach the merits. Thank you. Thank you very much, Counsel. This is Agenda Number 9, Number 129753, People of the State of Illinois v. Harris. This case will be taken under advisement. Thank you very much, both sides, for your arguments.